IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIELE CELESTE BARNARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-1146 |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 30th day of August, 2021, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and her claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.[1]  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the

---

[1] Defendant asks the Court to tax costs against Plaintiff but does not advance an argument in support of that request.  Accordingly, the Court will award no costs.  *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2] The only arguments that Plaintiff develops to any extent (and even these are quite conclusory) is that the Administrative Law Judge ("ALJ") erred in accounting for the amount of time she would be off task during the work day and in determining that she could perform the representative jobs of printed circuit board screener, final assembler, and document preparer, despite having a residual functional capacity ("RFC") of less than a full range of sedentary work. The Court finds no merit in these assertions and finds instead that substantial evidence supports the ALJ's decision.

In a footnote, Plaintiff argues that, based on the RFC formulated by the ALJ and the testimony of the vocational expert ("VE"), she would not be able to perform any work, even at the sedentary exertional level, because she would be off task more than 10 percent of the time. As Defendant points out, this argument is nothing more than a misinterpretation of the RFC and hypothetical question that was already cleared up at the administrative hearing. The ALJ included in the RFC the provision that

> [Plaintiff] requires a position that will allow her to shift from a seated position to a standing position and/or stretch at intervals of approximately 30 minutes, provided she does not leave the workstation and the shifting of positions results in her being off-task no more than 1-2 minutes with each position shift.

(R. 19). Later in the RFC, the ALJ clarified that Plaintiff "would be off task up to 10% of the workday in addition to regularly scheduled breaks due to ***the combined effects of her impairments***." (R. 20 (emphasis added)). This language was mirrored in his hypothetical question to the VE. (R. 62-63). In response to the hypothetical, the VE indicated, based on Plaintiff's RFC, including the provisions regarding being off task, that Plaintiff could perform the representative positions of printed circuit board screener, final assembler, and document preparer. (R. 63). In response to the ALJ's questioning, the VE also indicated that employers generally do not tolerate an employee being off task more than 10 percent of the workday, in addition to normal breaks. (R. 61).

Later in the hearing, Plaintiff's counsel asked for clarification as to whether the 10 percent off task time in the hypothetical included the 1-2 minutes every half hour that Plaintiff would be off task in shifting positions. (R. 63). The ALJ expressly stated that "the hypothetical provided the 10% off task, and that's inclusive of the one to two minutes that are off task with the position shifts, that up to 10% of the workday, but no more than that, would be tolerated or would be this hypothetical." (R. 65). The VE confirmed that this was her understanding as well. (*Id.*). Accordingly, there is simply no factual basis for Plaintiff's contention that she would be

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 14) is DENIED and that Defendant's Motion for Summary Judgment (document No. 16) is GRANTED.

s/Alan N. Bloch<br>
United States District Judge

ecf:		Counsel of record

---

off task 1-2 minutes every half hour *in addition* to the 10 per cent off task noted elsewhere in the RFC.

      Plaintiff also suggests that the ALJ improperly relied upon the VE's testimony that she could perform the jobs of printed circuit board screener, final assembler, and document preparer because, as she asserts, those jobs require that a claimant be able to perform a full range of sedentary work. She, however, offers no explanation as to why the VE was incorrect regarding the consistency of those jobs with her RFC. To the extent that she is implying that Social Security Ruling 83-12 provides that the inability to perform a full range of sedentary work directs a finding of disabled, this is simply incorrect. *See* SSR 83-12, 1983 WL 31253 (S.S.A.), at *3 (1983) ("Another situation where VS assistance is advisable is where an individual's exertional RFC does not coincide with the full range of sedentary work."); SSR 96-9p, 1996 WL 374185 (S.S.A.), at *1 (July 2, 1996) ("[A] finding that an individual has the ability to do less than a full range of sedentary work does not necessarily equate with a decision of 'disabled.' If the performance of past relevant work is precluded by an RFC for less than the full range of sedentary work, consideration must still be given to whether there is other work in the national economy that the individual is able to do, considering age, education, and work experience.").

      To the extent that Plaintiff's brief could be construed as raising any additional arguments, such arguments are too under-developed and conclusory to be addressed by the Court. *See Hyer v. Colvin*, No. CV 15-297-GMS, 2016 WL 5719683, at *11 (D. Del. Sept. 29, 2016) ("'It is not enough merely to present an argument in the skimpiest way, and leave the Court to do counsel's work – framing the argument, and putting flesh on its bones through a discussion of the applicable law and facts.'") (quoting *Ve Thi Nguyen v. Colvin*, No. C13-882, 2014 WL 1871054, at *2 (W.D. Wash. May 8, 2014)). Accordingly, for all of the reasons set forth herein, the Court finds that substantial evidence supports the ALJ's decision and therefore affirms.